**VALMET PAPER MACHINERY, INC., & Valmet, Inc., Plaintiffs–Appellants,**

v.

**BELOIT CORPORATION, Defendant–Appellee.**

No. 95–1301.

United States Court of Appeals, Federal Circuit.

May 1, 1997.

Myron Cohen, Cohen, Pontani, Lieberman & Pavane, New York City, submitted a response for plaintiffs-appellants to a petition for rehearing and suggestion for rehearing in banc. With him on the petition were William A. Alper and Michael C. Stuart. Of counsel on the response were Michael Evan Jaffe, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., and Brian E. Butler, Stafford, Rosenbaum, Rieser & Hansen, Madison, WI.

George P. McAndrews, McAndrews, Held & Malloy, Ltd., Chicago, IL, submitted a petition for rehearing and suggestion for rehearing in banc for defendant-appellee. With him on the petition were Steven J. Hampton, Gregory C. Schodde, and Michael B. Harlin.

Before RICH, LOURIE, and BRYSON, Circuit Judges.

*ORDER*

RICH, Circuit Judge.

Beloit Corp. petitions for rehearing of our decision of January 28, 1997 holding that its U.S. Patents 5,144,758 and 5,249,372 are invalid on the ground of obviousness. *Valmet Paper Mach., Inc. v. Beloit Corp.,* 105 F.3d 1409 (Fed.Cir.1997). Beloit argues, *inter alia,* that only certain claims of those patents were asserted and that, accordingly, invalidation of the entire patents was improper. While Valmet responds that the decision is correct, it states that it has no objection to the court confining the decision to the five claims in dispute, namely claims 1 and 2 of the '372 patent and claims 1–3 of the '758 patent.

We have carefully reviewed Beloit's petition and Valmet's response. For the reasons stated in the opinion, we agree with Valmet that the asserted claims are invalid on the ground of obviousness under 35 U.S.C. § 103. In light of Valmet's concession and our further review of the record, however, we conclude that the decision should be limited to the five claims in dispute and that other minor corrections should be made to the opinion.

Accordingly,

IT IS ORDERED THAT:

Beloit's petition for rehearing is granted to the extent that the following changes have been made to the opinion.

On page 4, line 6 [105 F.3d 1411], "row" has been changed to—group—.

On page 4, line 7 [105 F.3d 1411], "row" has been changed to—group—and the second occurrence of "a" has been deleted.

On page 4, line 8 [105 F.3d 1411], "group applies" has been changed to—groups apply—and "row" has been changed to—group—.

On page 4, line 9 [105 F.3d 1411], "row" has been changed to—group—.

On page 6, line 8 [105 F.3d 1412], "Beloit's patent claims" has been changed to—claims 1 and 2 of the '372 patent and claims 1–3 of the '758 patent—.

On page 7, line 7 [105 F.3d 1412], "Beloit's '758 and '372 patents are valid and infringed" has been changed to—claims 1 and 2 of the '372 patent and claims 1–3 of the '758 patent are not invalid and are infringed—.

On page 8, line 4 [105 F.3d 1412],—asserted—has been added before "claims".

On page 8, lines 17–19 [105 F.3d 1413], the following text has been deleted: "where the first row dries one side of the web, then the web travels up to the second row which takes it back in the opposite direction to dry the opposite side."

On page 8, line 19 [105 F.3d 1413],—asserted—has been added before "claims".

On page 10, line 12 [105 F.3d 1413],—asserted—has been added before "claimed".

On page 10, line 16 [105 F.3d 1414], "both Beloit's '758 and '372 patents" has been changed to—claims 1 and 2 of the '372 patent and claims 1–3 of the '758 patent—.